AO 91 (Rev. 11/11)  Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>TERRANCE M. COLLINS<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 2:26·mj·405 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 23, 2026 _____ in the county of _____ Franklin _____ in the _____ Southern _____ District of _____ Ohio _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) & (b)(1)(C) | Possession with intent to distribute fentanyl |
| 18 USC 924(c)(1)(A)(i) | Possession of a firearm in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:

SEE ATTACHED

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Tyler Schwab, FBI
*Printed name and title*

Attested
Sworn to before me and signed in my presence. *See R.4.1*

Date: __6/23/2026__

_____
*Judge's signature*

City and state: _____ Columbus Ohio _____

N M KING US Magistrate Judge
*Printed name and title*

I, Tyler Schwab, being first duly sworn, hereby depose and state as follows:

1.       I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since January 6, 2019.  Your Affiant has been assigned to the FBI Safe Streets Task Force in Columbus, Ohio, since January of 2023.  Prior to being assigned to the Safe Streets Task Force, I was assigned to the Joint Terrorism Task Force (JTTF) for approximately four years. During my assignment at the JTTF, I was a Case Agent and Co-Case Agent for multiple international and domestic terrorism investigations.  While assigned to the JTTF, your Affiant received specialized training in international terrorism and homicide investigations. Furthermore, I have received training in computer-related crimes as well as in the criminal use of email, social media, and telephonic communications.

2.       I make this affidavit in support of a complaint against Terrance COLLINS for knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841 and (b)(1)(C) and for possessing  a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

3.       This affidavit is not intended to include each and every fact and matter observed by or made known to Agents of the government.  This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the

events and circumstances described herein, and information gained through my training and experience.

4.    More specifically, evidence obtained by your Affiant, provided in detail below, indicates that Terrance COLLINS was responsible for trafficking narcotics in the Columbus, Ohio area, which is within the Southern District of Ohio.

5.    Sometime in April of 2026, Franklin County Sheriff's Office (FCSO) Special Investigations Unit (SIU) Detectives and your affiant watched COLLINS exit his residence, 3524 Steiner Street, Columbus, Ohio 4323, and get into the front passenger seat in a vehicle. FCSO SIU Detectives and your affiant then followed COLLINS as he rode in the vehicle to a gas station located in Columbus, Ohio.  While at the gas station, the vehicle COLLINS was in did not get gas. The vehicle parked and an unknown individual approached the passenger side of the vehicle and appeared to have a conversation with COLLINS.  The unknown male then reached into the front passenger side of the vehicle.  After reaching into the vehicle, the unknown male departed the area on foot and the vehicle with COLLINS in the front passenger seat departed the area.

6.    I know through my experience and training that the aforementioned activity is indicative of drug trafficking.  Drug traffickers will often meet with customers in their vehicles at public places, like gas stations, to conduct their drug deals. In this case, the deal appeared to take place when the unknown individual reached into the vehicle.

7.    Sometime in May of 2026, Detectives with the FCSO SIU, and the FBI, including your affiant, conducted a narcotics transaction with COLLINS. Detectives with the FCSO SIU utilized their Confidential Informant (CI 26-06) to purchase fentanyl from COLLINS.

8.    A photo of the suspected fentanyl that COLLINS provided to CI 26-06 is below:



9.    The aforementioned suspected fentanyl was impounded as evidence to be sent to BCI for laboratory analysis. The suspected fentanyl was field tested and was inconclusive.  As of this writing, your affiant is still waiting for BCI laboratory to complete their analysis

10.    Sometime in June of 2026, a FCSO SIU Under Cover (UC) completed a narcotics transaction of fentanyl from COLLINS.  The suspected fentanyl that was purchased by the FCSO SIU UC from COLLINS was purple in color.

11.    Following the direct buy, FCSO SIU Detectives impounded the suspected fentanyl as evidence.  The suspected fentanyl was tested with a MX908 which showed a presumed positive for fentanyl and methamphetamine.  The suspected fentanyl was then sent to the BCI laboratory for a complete analysis.  As of this writing, your affiant has not received the results from the BCI laboratory.

12.    On June 15, 2026, members of the surveillance team, including your affiant, observed COLLINS leave his residence, 3524 Steiner Street, Columbus, Ohio 43231, on foot. COLLINS then walked to the area of Parklane Avenue and Westerville Road (approximately 20-minute walk from his residence) where COLLINS met briefly with two unknown individuals on bikes.  After their brief meeting, COLLINS walked back to his residence and the two unknown

individuals departed the area. COLLINS was inside the residence for approximately 5 minutes when the surveillance team observed COLLINS depart his residence on foot again and walk to the area of Parklane Avenue and Westerville Road. While in the area of Parklane Avenue and Westerville Road, COLLINS briefly met with an unknown individual in a silver sedan. While COLLINS was meeting with the unknown individual in the silver sedan, a FCSO SIU Detective, who was on the surveillance team, witnessed a hand-to-hand transaction between COLLINS and the unknown individual. As soon as the hand-to-hand transaction was complete, COLLINS walked back to the residence and the unknown individual departed the area in the silver sedan.

13.     I know through my experience and training that the aforementioned activity is indicative of drug trafficking. It appears that COLLINS was meeting individuals after departing the residence on foot and conducting drug deals.

14.     On June 18, 2026, United States Magistrate Judge Chelsey M. Vascura issued warrants to search Terrance COLLINS' residence (3524 Steiner Street, Columbus, Ohio 43231), a black Chrysler 200 with Ohio license plate KMD9032, and Terrance COLLINS' person for evidence, fruits, and tools related to the trafficking of drugs (see Warrant, Case No. 2:26-mj-388 through 2:26-mj-390).

15.     On June 23, 2026, at 3524 Steiner Street investigators located the approximately 13 grams of suspected fentanyl. The suspected fentanyl was field tested with a Trunarc which yielded a presumptive positive test for fentanyl compound. Also, in close proximity to the 13 grams of suspected fentanyl was a plastic baggie containing a purple powdery substance. Based on previous drug buys from COLLINS, your affiant believes the purple powdery substance to be suspected fentanyl. The suspected 13 grams of fentanyl and the baggie of purple powdery substance was found on the kitchen counter. Directly above the suspected fentanyl in the cabinet

was a Palmetto 9mm handgun with serial number CD029267 with one round chambered and a loaded magazine with 12 rounds of ammunition.

16.     The following firearms were also located inside 3524 Steiner Street:

a.   Anderson Manufacturing .556 rifle with serial number 24068152

b.   7.62 rifle with serial number PWDZ297020ROA

c.   Glock 19X 9mm with serial number CBVK831 with one round in the chamber and seven rounds in the magazine (reported stolen through the Columbus Division of Police)

d.   Glock 23 .40cal with serial number XKF914 with an extended magazine with a total of 20 rounds

e.   Glock 19 9mm with serial number CDNS619 (reported stolen through the Columbus Division of Police)

17.     Also found at 3524 Steiner Street was a blender and cups containing a purple powdery residue, as well as a digital scale that also had purple powdery residue. In the master bathroom the toilet was found to contain a plastic baggie with dissolved purple substance.  A photo of the toilet is below:



18.     Based on the foregoing, I believe that there is probable cause to issue a criminal complaint and arrest warrant for Terrance COLLINS for violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C) [possession with intent to distribute fentanyl], 18 U.S.C. § 924(c)(1)(A)(i) [possession of a firearm in furtherance of a drug trafficking crime].

Respectfully submitted,

Tyler Schwab
Special Agent
FBI

Attested
Subscribed and sworn to before me on ___June 23,____, 2026 pursuant to Rule 4.1 FRCrP

_____
UNITED STATES MAGISTRATE JUDGE , N m KING
NORAH MCCANN KING